No. 8.—EVERETT E. STANDLEY, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] Upon the trial of a criminal cause, it is error in the Court, after a jury-man with eleven others, has been chosen and sworn, to discharge him upon the ground of his having absented himself from the Court House without leave, without giving the parties an opportunity of removing his *prima facie* disqualification, occasioned by such absence.

[2.] Upon application for a new trial, it is the better practice, when the *rule nisi* is granted upon any ground taken, to let all the grounds taken stand over for consideration upon a motion to make the rule absolute.

Indictment for murder and motion for a new trial, in Randolph Superior Court. Decided by Judge WARREN, April Term, 1851.

In the trial of this cause—after eleven Jurors had been selected and sworn—Lewis Cannon, one of the eleven, absented himself from the court house and the balance of the Jury, without the consent of the Court, for five or ten minutes. When he returned, the Court, of its own motion, dismissed the said Juror and discharged him from the case. After he was discharged—when the Court was about to punish him for a contempt—he stated on oath, that he had neither spoken to any one, nor had any one spoken any thing to him, in any manner touching the case.

The discharge of Cannon, under the above stated circumstan-

Standley *vs.* The State of Georgia.

ces, was stated as one of eleven grounds of a *rule nisi,* prayed for a new trial. The Court overruled the above stated ground and seven others, and granted the *rule nisi* on three of the grounds taken. The decision overruling the eight grounds, was excepted to, and error severally assigned upon each in this Court. As this Court, however, based its decision upon the above ground alone, it is unnecessary to set out the others at length.

TAYLOR & McDOUGALD, for plaintiff in error.

Sol. Gen. PERKINS, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] Eleven grounds were taken in the rule, for a new trial in this case. A rule *nisi* was granted by the Court upon three of the eleven, and refused upon eight. Error is assigned upon the ruling on the eight. The first of these eight, is thus stated in the bill of exceptions: "Because the Court erred in discharging Lewis Cannon, a Juror, chosen and sworn in the progress of the trial, when there were eleven Jurors sworn to try the cause, because of said Cannon's leaving the court house and being absent five or ten minutes, without leave of the Court." After the Court had discharged this Juror, it appears from the bill, that it was proceeding to punish him for the contempt, when he stated on oath, that in his absence, he had neither spoken to any one, nor had any one spoken to him, in any wise touching the case. What transpired upon this proceeding to punish the Juror, we dismiss from all consideration, inasmuch as no error is assigned upon it. It occurred after the Juror had been discharged, and the Juror's statements were received, not for the purpose of determining upon his competency, but to purge himself of the contempt. The complaint is that the Court erred in discharging the Juror. It is not by any means to be taken as true, that this Juryman was competent after being absent, without leave, from the Court, for five or ten minutes, and after he had been chosen and sworn. On the contrary, according to the ruling of

this Court in *Monroe's* case, such a separation, is to be held, *prima facie*, good cause to set aside a verdict against the prisoner.

[2.] This being the rule, did the Court err in discharging Cannon, without calling upon the prisoner to remove the presumption of incompetency, or upon its own or the State's motion, giving day in Court, opportunity of removing the presumption. If this conduct of the Juryman would be good cause for a new trial, we hold that in the then state of the cause, it was competent for the Court to lay its hand upon and discharge him. *Prima facie*, it was good cause for a new trial, but not necessarily. What then was the duty of the Court? It was to permit either party to show cause against his discharge, and thus, if possible, remove the presumption arising from the fact of separation, of disqualification. Being chosen and sworn, the prisoner and the State had both acquired the right, that this Juror should try the cause. The prisoner complains that this right was withheld from him—assuming, that his *prima facie* disqualification could have been removed, if he had been heard as to that matter. We then hold that it was irregular in the Court; so far irregular, as to be good ground for granting the rule *nisi*, not to exercise the power of discharging the Juryman, but to discharge him without giving the prisoner an opportunity of removing his *prima facie* incompetency. 5 *Geo. R.* 85. 8 *Geo.* 297.

The judgement complained of, is a refusal to grant the rule *nisi* for a new trial. In reversing that judgment, we do not rule that the discharge of the Juryman, or any of the rulings which followed that act, is positively a sufficient ground for awarding a new trial. In this record we are called upon to say, whether any, or all of the eight grounds, were sufficient to authorize a rule *nisi*. The rule upon this subject, is this : if the grounds relied upon for a new trial are, *prima facie*, sufficient, the Court will award a rule to show cause why a new trial should not be granted; and if, upon solemn argument, the grounds are thought by the Court sufficient, the rule will be made absolute; if not, it will be discharged. 1 *Chitty Crim. Law*, margin 660. *Buller N. P.* 327. *Tidd's Pr.* 884.

The judgment of this Court is, that the ground now considered is, *prima facie*, sufficient to authorize the rule *nisi*.

[3.] All the other grounds grew out of this one; upon them we pass no definite opinion, but reverse the judgment refusing the rule *nisi*, as to all of them, leaving them all open for the final consideration of the Court below. We are disposed the more to take this course, for the following reasons: It is the better practice, when the rule *nisi* is granted as to any ground, to let all stand over for consideration. This will prevent the necessity of the movants excepting upon the application for a rule *nisi*, and thereby save the necessity, of perhaps, several bills of exception. If upon hearing the motion for a rule absolute, it is granted, no writ of error at all may be sued out, and if refused, all grounds of error may be embraced in one bill.

Let the judgment be reversed.